UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ISMAEL CONTRERAS MEDRANO,
Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security, et al.,
Respondents.

Case No.: 3:26-cv-04647-RBM-JAC

**ORDER:**

**(1) GRANTING MOTION TO SUPPLEMENT CIVIL COVER;**

**(2) DENYING SUPPLEMENTAL MOTION; and**

**(3) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

**[Docs. 1, 3, 7]**

Before the Court are Petitioner Ismael Contreras Medrano's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1), Motion to Supplement Civil Cover (Doc. 3)[1], and Request for Prospective Injunctive Relief

[1] The Motion to Supplement Civil Cover was submitted to correct a clerical error, which the Court accepts.

Preventing Re-Detention Absent a Pre-Deprivation Hearing ("Supplemental Motion") (Doc. 7). For the reasons set forth below, the Court **DENIES** the Supplemental Motion (Doc. 7) and **DISMISSES as moot** the Petition (Doc. 1).

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection between 1997 and 2001. (*See* Doc. 1 ¶ 2; Doc. 8-2 at 2.) On August 6, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents on his way home from work and placed in removal proceedings. (Doc. 1 ¶ 2.) On August 14, 2026, Petitioner filed his Petition, arguing that his detention violates 8 U.S.C. § 1226(a), 8 U.S.C. § 1357(a)(2), and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 199–285.)

Shortly after the Court issued its Order to Show Cause, Petitioner received a bond hearing where the immigration judge ordered Petitioner released on a $7,500 bond under § 1226(a)(2)(A). (Doc. 8-1 at 2–3.) Petitioner posted bond and was released from immigration detention. (Doc. 7 at 2.) A few days later, Petitioner filed the Supplemental Motion, now arguing that the Court should enjoin Respondents from re-detaining him without "first providing a hearing before an IJ, or other constitutionally adequate neutral adjudicator." (*Id.* at 2, 5–7.) More specifically, Petitioner requests the following:

> a. Respondents identify the materially changed circumstances arising after the custody determination that allegedly justify renewed detention;
>
> b. Respondents bear the burden of establishing by clear and convincing evidence that Petitioner presents a danger to the community or a flight risk;
>
> c. the adjudicator considers whether conditions or less restrictive alternatives reasonably address any demonstrated governmental concern; and
>
> d. physical detention may occur only if the adjudicator determines that detention is necessary.

(*Id.* at 10, Prayer for Relief.)

/ / /

/ / /

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

The Constitution limits federal courts' jurisdiction over actions to those that present live cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) ("Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot.") (citation omitted). A habeas petition that primarily seeks release may become moot if the petitioner is released. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997). Release does not moot a habeas petition, though, if there remains some "collateral consequence that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064–65 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

## III. DISCUSSION

The Parties agree that (1) Petitioner has been released from custody on bond and (2) Petitioner was detained under § 1226(a). (*See* Doc. 8 at 3; Doc. 7 at 7–8.) Therefore, the Petition and Supplemental Motion are moot unless Petitioner can demonstrate that "collateral consequence[s] remain." *See Abdala*, 488 F.3d at 1064–65. Petitioner cannot do that here because any future detention remains "speculative and hypothetical." *Alam v. Carter*, 843 F. App'x 953, 954 (9th Cir. 2021); *see also Serrato v. Clark*, 486 F.3d 560, 566 (9th Cir. 2007) (noting that a habeas petitioner must show an actual injury that is not conjectural). If Respondents seek to detain Petitioner, they of course must comply with

the requirements of § 1226(a) and due process. But on this record, there is no live case or controversy for the Court to resolve. If Petitioner is re-detained, he may raise any subsequent issues in a renewed petition.

## IV. CONCLUSION

For the reasons above, the Court:

1. **GRANTS** the Motin to Supplement Civil Cover (Doc. 3);
2. **DENIES** the Supplemental Motion (Doc. 7); and
3. **DISMISSES as moot** the Petition (Doc. 1).

The Clerk of Court is **DIRECTED** to **close the case**.

**IT IS SO ORDERED.**

DATE: November 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE